IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

MARIA EPLING,

    Plaintiff,

  v.

STATE OF OHIO,

    Defendant.

Case No. 2:24-cv-3948
Judge Algenon L. Marbley
Magistrate Judge Elizabeth P. Deavers

## REPORT AND RECOMMENDATION

Plaintiff, Maria Epling, is proceeding in this action without counsel and has been granted leave to proceed *in forma pauperis*. (ECF No. 3.)  The matter is currently before the undersigned Magistrate Judge to conduct the initial screen required by law to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(a); 28 U.S.C. § 1915(e)(2). Having completed the initial screen, the Undersigned **RECOMMENDS** that the Court **DISMISS** Plaintiff's claims in their entirety as frivolous and for failure to state a claim on which relief may be granted.

**I.**

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from

filing frivolous, malicious, or repetitive lawsuits.'" *Id*. at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e)[1] as part of the statute, which provides in pertinent part:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
>
>           \*     \*     \*
>
> (B) the action or appeal--
>
> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or . . . .

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31. Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted.

To properly state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). *See also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, Rule 8(a) "imposes legal *and* factual demands on the authors of complaints." *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

---

[1] Formerly 28 U.S.C. § 1915(d).

Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 570). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank*, 727 F.3d at 504 (citations omitted). Further, the Court holds *pro se* complaints "'to less stringent standards than formal pleadings drafted by lawyers.'" *Garrett v. Belmont Cnty. Sheriff's Dep't.*, No. 08-3978, 2010 WL 1252923, at *2 (6th Cir. April 1, 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). This lenient treatment, however, has limits; "'courts should not have to guess at the nature of the claim asserted.'" *Frengler v. Gen. Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

## II.

Plaintiff has submitted a 58-page, typed document presumably intended to be a Complaint. The Undersigned's review reveals the following. The first page of this document contains what appears to be a caption in the upper left-hand corner stating "Maria Epling VS State of Ohio." (ECF No. 1-1 at 1.) Very few of the paragraphs are delineated by letter or number. The final thirty pages of this document appear to be emails from Plaintiff directed to

the Fairfield County Clerk of Courts. Plaintiff also has submitted one summons form indicating that Defendants include the State of Ohio, Mike DeWine, Lancaster Ohio County Court, Police Department, and the Social Security Administration.

Plaintiff's Complaint can be characterized as largely incoherent, involving rambling descriptions of various alleged injustices she has suffered over a number of years at the hands of several individuals or organizations. Plaintiff's allegations, presented in this way, are so implausible as to render her Complaint frivolous. A claim is frivolous if it lacks "an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). The former occurs when "indisputably meritless" legal theories underlie the complaint, and the latter when it relies on "fantastic or delusional" allegations. *Id.* at 327–28. A "[c]ourt is not required to accept the factual allegations set forth in a complaint as true when such factual allegations are "clearly irrational or wholly incredible." *Ruiz v. Hofbauer,* 325 F. App'x 427, 429–30 (6th Cir.2009) (citing *Denton v. Hernandez,* 504 U.S. 25, 33 (1992)). The following are some exemplary allegations from Plaintiff's Complaint:

> My life here in America is very injured and currently suffering from homeless out in streets very injured physically, traumatized physically now all the time and below I have listed current injurious suffering from serious near death experiences from police throwing all my belongings and self spouse out into the wilderness (just so happens that the conspiracy organized crime Child And Family offender offensive criminals Illegal Fake Government Impersonators one name they falsified most likely and what sounds and causes Illegal Experiences Illegal Film Creation exactly like and as a Hollywood set up conspiracy crime film Maker journalism, who use Direct Energy Weapons Shooting Firing Killing Our Bodies Destroying the Atmosphere and Using Government Services That Formed Wrote Set Up Conspiracy to kidnapping our family members using criminal impersonation of government, police, in which announcements from news years ago states there are criminals saying they are police and are not that dress and act like them that steal and commit serious crimes including those telecommunications criminals who harassed our family specifically and who's got involved even after I called and filled out complaints from to FBI as I complained of threats by terrorist some young and old who say they would kidnap our child as they were attacking us through YouTube and Cable Box Channels, Android Child's Connections sites, Caseworker

4

from Child Services name is Lexy Wildermuth Similar to Sexy and wilder must, and we are thrown out by criminal police , offensively the Child Services Human Trafficking Caseworker Wildermuth who gave our family that work number to call if we had any questions that never answered her phone on purpose making a voicemail box message stating "this is Lexis But Fuck Voicemail" and serious offensive consistent painful violations with no relief from any government services or resources from Community Action Agencies, 211, Churches, Homeless Shelter Job And Family Services. All government agencies refused all applications, limitations and restrictions to application causing rejection, deprivation, lack there of of continuous service, withholding Entitled Grants, refusing funds to desperate suffering, as strict language case working, social services, abuse of records limiting connection and restrictions to referrals, redirected recycling back to beginning to 211 where they are always saying theres nothing to offer.

(ECF No. 1-1 at 3.)

29. Extortion, Threats to my life, to pay money I do t have or owe, for illegal dog kennel business that stole my 9 animals, used weaponed threats to my life to go to a illegal court house room with people with weapons, impersonating victim which are Ihob seekers of crime study, using illegal dog kennel business extortion, Bribery for exchange of freedom, entrapment uder weapons, for their own threats and crimes of Thieft damages to property, injury suffering fear for my life, Using illegal dog catcher Thieft ring , who tried to take my dog out of my yard, when he is as a cute, extortion to buy a listen e when it was originally ot convenient to only purchase a license, to be able to find a lost dog, non dangerous, friendly, easy to maintain, well cared for, spent hundreds of thousands to care for for multiple years, never got lost or ran away, Blamed me for someone else dog Neve allowing me to speak in court room whatsoever, silencing me , after reading directed electro union charges for extension, and threats to not ha r protection animal. Companion animals any more, bribeing for payment of money sum in thousand, demands, causing fear for my life, reading unlawful illegal directed power electric and written verbal of read directed to me and my personal physical presence face to face while entrapped within a hot in summer time, temperature within a courthouse, deprivation of water, liquid, taken away, reading to me of illegal expecting Bribed , dog kennel business fraudulent and slave Involuntary unacceptable charges while experiencing literal power abuse attacks, directed into my heart pulse pressure, voice power amplifier voice and speech direct target into my heart targeting computer to attack shoot and fire Lazer beams, onto my body, heart, head, extremities, pulse of electric electricity electrocution targeting attacks physical attacks, near death experiences, continually, causing severe physical injuries bodily damages, organ damages, pain long term, suffering long term, fear for my life, near death experience, act of war on civilians, civil violations, alt forms of discrimination, fraudulent electronic attack, electric telecommunications attacks, fraud, medical fraud, doctrine fraud, military fraud, FBI fraud, Government Organization services attacks , extortion Bribery, kidnapping hostage, slavery, Intimidation fraud Human Trafficking Caseworker fraud, health and human services fraud, medical attacks mal practices,

5

> illegal suggesting of diagnosis it to preform counciling services under obligation by child services attacks, intimidation, fear upon and intentionally purposes to do family and bodily harm, stolen child, permanent custody threats, issuance, orders, grants against the original case opening and plan when fully complying with case plan, deprivation and purposely refused to allow our family victims to present actual evidence to support clearance of case and fraudulent illegal criminal workers concerns based With absolutely zero evidence supporting their concerns at any time whatsoever, all accusations and concerns are 1 00% completely falsified, agency counciling abuse, concealment of health records to biological parents, concealed child abuse within a foster home, refused and denied deprivation of multiple and ongoing year's of child abuse reports foster parents child abuse and torture to the agency, blocked communication to law enforcement authorities, entrapment, threat to our lives in order to go along with illegal criminal governmentts organizations,

(ECF No. 1-1 at 9.)

Again, this Court is not required to entertain a *pro se* plaintiff's claim that "defies comprehension" or allegations that amount to only "incoherent ramblings." *Smith v. Waston*, No. 2:17-CV-73, 2018 WL 1633304, at *2 (S.D. Ohio Apr. 5, 2018) (citing *Roper v. Ford Motor Co.*, No. 1:09-cv-427, 2010 WL 2670827, at *4 (S.D. Ohio Apr. 6, 2010), *report and recommendation adopted*, 2010 WL 2670697 (S.D. Ohio July 1, 2010) (internal citations omitted)). That is, despite Plaintiff's *pro se* status, the Court "should not have to guess at the nature of the claim asserted." *Frengler,* 82 F. App'x 975, 976-77. Indeed, "courts may not rewrite a complaint to include claims that were never presented," "construct the Plaintiff's legal arguments," or "conjure up unpled allegations." *Sanders v. Blom*, No. 24-10615, 2024 WL 3648029, at *1 (E.D. Mich. July 15, 2024), *report and recommendation adopted,* No. 24-10615, 2024 WL 3646955 (E.D. Mich. Aug. 2, 2024) (citations omitted).

Moreover, even if any claim were ascertainable here, Plaintiff's choice of Defendants would subject her Complaint to dismissal for different reasons. Plaintiff indicates that she is seeking "Compensation in the Amount of $76,000,000,000." (ECF No. 1-1 at 23.) The State of Ohio, however, is immune from a suit seeking damages on the basis of sovereign immunity.

6

*Palomino v. Cuyahoga Cnty., Ohio*, No. 1:21-CV-2139, 2023 WL 5968008, at *2 (N.D. Ohio Sept. 14, 2023) (citing *Russel v. Lundergan-Grimes*, 784 F.3d 1037, 1046 (6th Cir. 2015) ("Eleventh Amendment sovereign immunity deprives federal courts of subject-matter jurisdiction when a citizen sues his own State."). Likewise, any claim against Governor DeWine in his official capacity would be construed as a claim against the State of Ohio and subject to dismissal on sovereign immunity grounds. *Smith v. DeWine*, 476 F. Supp. 3d 635, 652 (S.D. Ohio 2020). The same is true for county courts in Ohio, which generally qualify as arms of the state and are not considered *sui juris*. *Phillips v. City of Cincinnati*, No. 1:18-CV-541, 2019 WL 2289277, at *10 (S.D. Ohio May 29, 2019). Additionally, any claims against the Social Security Administration, which, in effect, would be claims against the United States, are subject to sovereign immunity. *Baker v. United States Att'y*, No. 1:19-CV-00124, 2020 WL 1536539, at *4 (S.D. Ohio Mar. 31, 2020), *report and recommendation adopted,* No. 1:19-CV-124, 2020 WL 3403209 (S.D. Ohio June 19, 2020) ("It is well-settled that the United States is immune from suit except where such immunity has been waived by statute."). Finally, a city police department is not an entity capable of being sued. *See Tysinger v. Police Dep't of Zanesville*, 463 F.3d 569, 572 (6th Cir. 2006) ("We note at the outset that the named defendant in this action, the Police Department of the City of Zanesville, is not a juridical entity subject to suit under Ohio law).

### III.

For the reasons set forth above, it is **RECOMMENDED** that the Complaint be **DISMISSED** in its entirety as frivolous and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B).

### PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and

Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a forfeiture of the right to *de novo* review of by the District Judge and waiver of the right to appeal the judgment of the District Court. Even when timely objections are filed, appellate review of issues not raised in those objections is forfeited. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . ." (citation omitted)).


Date:   September 23, 2024                    /s/ *Elizabeth A. Preston Deavers*
                                              ELIZABETH A. PRESTON DEAVERS
                                              UNITED STATES MAGISTRATE JUDGE